No. 2651

Second Circuit

COVINGTON v. MATLOCK

(April 5, 1929. Opinion and Decree.)

Cook and Cook, of Shreveport, attorneys for plaintiff, appellee.

Dickson and Denny, of Shreveport, attorneys for defendant, appellant.

WEBB, J. Plaintiff, J. H. Covington, the holder and payee of a note drawn by H. C. Leete, secured by chattel mortgage on certain furniture, alleges that defendant, C. T. Matlock, had obtained possession of the property under a judicial sale made in execution of a judgment in favor of Matlock against Leete and thereafter had sold the property to persons unknown to plaintiff; that, at the time of executing the judgment, Matlock had actual as well as constructive knowledge that the property was mortgaged, and that Matlock had refused to disclose the names of the persons to whom he sold the property, and that his action was tantamount to a concealment of the mortgaged property, and constituted a fraud upon plaintiff, depriving him of his privilege and remedy against the property, which is alleged to have been worth more than the amount of the note, principal, interest and attorney's fees, and he prayed for judgment against defendant for the amount of the note, principal, interest and attorney's fees.

Defendant excepted that the petition failed to state a cause of action, which was overruled, and defendant answered denying plaintiff's allegations as made, but admitting that he had acquired the property as alleged, and on trial judgment being rendered in favor of plaintiff for an amount equal to that which Matlock had received from the sale of the property, defendant appealed, and plaintiff has answered with legal interest from judicial demand, swered the appeal, asking that the judgment be amended and the amount increased to that originally demanded, or the amount of the note of four hundred fifty-eight dollars, with six per cent per annum interest from date of the note, and ten per cent as attorney's fees.

The evidence established the material allegations of the petition, with the exception that it shows that defendant had not seized or come into possession of all of the property covered by the mortgage, and the evidence was conflicting as to the value of the property purchased by plaintiff, but there was not any evidence indicating that there was any collusion between defendant and Leete in furtherance of which the property had been sold in execution of the judgment held by defendant against Leete.

Defendant apparently urges two grounds for the reversal or amendment of the judgment: one, that, it not being shown that there was any collusion between defendant and Leete, the judicial sale made in execution of the judgment was valid, and defendant having purchased the property, had acquired title, and had the right to sell the property to whomsoever he pleased, and that there was not any duty imposed on him to disclose the names of the persons to whom he had sold the property, and therefore plaintiff should not be permitted to recover damages against him when he had not violated any obligation or duty owing or due by him to plaintiff; and the other: that the evidence failed to establish that Leete was indebted to plaintiff in an amount equal to the amount of the judgment rendered against defendant.

Considering the questions presented in an inverse order, we find that the evidence established that the mortgage was given to secure plaintiff for a loan made by plain-

tiff to Leete of two hundred eight dollars, and to secure plaintiff against liability on an accommodation endorsement of a note drawn by Leete for two hundred fifty dollars, and that plaintiff had, at the time of the present suit, paid one hundred twenty-five dollars under the liability resulting from his endorsement, making a total of three hundred thirty-three dollars due plaintiff by Leete, which is in excess of the amount of the judgment rendered against defendant.

In support of the first question, counsel does not discuss the right of plaintiff under the mortgage, nor the right acquired by defendant under the judicial sale, in the property, but rather assumes that the plaintiff acquired merely a lien on the property under the mortgage, and that defendant acquired the title under the judicial sale, and with this assumption counsel confine their discussion to the question of whether or not the action of defendant, and especially his refusal to disclose the names of the persons to whom he sold the property, was a fraudulent concealment of the property under the provisions of the chattel mortgage statute (Act 198 of 1918) which provides:

"That any owner or other person who shall dispose of property mortgaged under this act, with fraudulent intent to defeat said mortgage * * * shall be deemed guilty of a misdemeanor and on conviction shall be fined in a sum not exceeding five hundred dollars * * * If any creditor of movable property, or any person shall injure, destroy or conceal any property mortgaged under this act, or part thereof, with intent to defraud the mortgagee, * * * he shall be deemed guilty of a violation of this act," etc., etc.

While we are of the opinion that in default of any allegation or proof that the judgment was obtained and execution thereon had by collusion between defendant and Leete, defendant acquired title to the property under the judicial sale, subject to the mortgage, and that the mortgage followed the property into the hands of the persons to whom defendant sold, and thus, as suggested by defendant, it might be said that the mortgage was not affected, as plaintiff might have had recourse against the property, however, we do not think it necessarily follows that plaintiff could not recover either by reason of the fact that defendant acquired title to the property or that the mortgage followed the property, as the fact that defendant had knowledge that the property was burdened with a mortgage rendered it necessary that he should not deal with the property in such manner as to prevent plaintiff from having recourse against the property, and we are of the opinion that this is true even though it be conceded defendant could not have been subjected to the penalty for fraudulently concealing the property. See Roger vs. Milliken & Farwell, 14 Orl. App. 92; Hewett vs. Williams, 48 La. Ann. 686, 19 So. 604; Blanchard vs. Bank, 158 Ga. 780, 124 S. E. 695.

The evidence establishing that the action of defendant had rendered it impossible for plaintiff to proceed against the property under the mortgage, it must be assumed that he contemplated that such would be the effect of his action, and that he should be held liable.

It is conceded that plaintiff cannot recover more than the value of the property, and we do not think that plaintiff has any cause to complain of the judgment allowing him to recover the amount for which defendant sold the property, which was in excess of the value placed on the property by the majority of the witnesses who were shown to be conversant with the value of such property.

The judgment is affirmed.